UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME CAPITAL, HR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>IAN ROBERT MACKENZIE; and DOES 1 through 10,<br><br>　　　　　　　　　Defendants. | Case No.: 25-cv-570-RSH-SBC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 3] |

Pending before the Court is Defendant's motion to dismiss the Complaint for lack of personal jurisdiction. ECF No. 3. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons stated below, the Court grants Defendant's motion.

## I. BACKGROUND

### A. This Lawsuit

Plaintiff filed this lawsuit on March 10, 2025. ECF No. 1. The Complaint alleges as follows.

1  Defendant Ian Robert Mackenzie is a resident and citizen of the United Kingdom.
2  ECF No. 1 ¶ 3. Plaintiff Prime Capital HR is a corporation organized under the laws of
3  California, and with a principal place of business in Escondido, California. *Id.* ¶¶ 2, 6.

4  At an unspecified time, Plaintiff orally agreed to loan Defendant $125,000. *Id.* ¶10.
5  Defendant agreed to repay the principal amount within six months. *Id.* ¶ 11. Thereafter,
6  Plaintiff sent Defendant loan disbursements on June 12, 2024, July 9, 2024, and July 26,
7  2024 in the amounts of $40,000, $40,000, and $45,000, respectively. *Id.* ¶ 10, Ex. A. After
8  receiving the loan disbursements, Defendant failed to repay the loan, and ceased
9  communication with Plaintiff regarding payment of the loan. *Id.* ¶ 14.

10  The Complaint alleges three causes of action: (1) breach of contract; (2) fraudulent
11  misrepresentation; (3) and unjust enrichment. *Id.* ¶¶ 16–29. Plaintiff seeks money damages
12  and attorney's fees. *Id.* at 5.

13  The Complaint contains no allegations specifically relating to personal jurisdiction
14  over Defendant, but alleges that venue is proper in this district "because Plaintiff exists and
15  operates in this district and a substantial part of the events giving rise to this claim occurred
16  in this district." *Id.* ¶ 5. The Complaint contains no further allegations regarding events
17  occurring within the State of California or within the Southern District of California.

18  On April 14, 2025, Defendant filed a motion to dismiss for lack of personal
19  jurisdiction. ECF No. 3. The matter is fully briefed. *See* ECF No. 6 (Opposition).

20  Plaintiff's opposition includes various assertions, relating to Defendant's contacts
21  with California, that are not contained in the Complaint. Specifically, Plaintiff asserts that:
22  (1) Defendant negotiated the loan with Plaintiff's CEO, who lives and works in California;
23  (2) "all communications about the loan were directed at California"; (3) the loan proceeds
24  "were wired from a California corporation," and were to be repaid to a bank account in
25  California; (4) Defendant had a relationship with Plaintiff and Plaintiff's CEO that pre-
26  existed the loan negotiations, and initiated contact with Plaintiff; (5) Defendant also serves
27  as an employee and director of at least three subsidiaries of a different California
28  corporation (a separate corporation that has the same CEO as Plaintiff); and (6) Defendant

"was well aware that his contacts were in the state of California." *Id.* at 3–4. Plaintiff implies, but does not expressly concede, that Defendant never physically entered California *Id.* at 6.

Plaintiff's opposition brief attaches as "Exhibit A" five pages that Plaintiff describes as "true and correct copies of the wire transfer confirmations." ECF No. 6 at 2. Those pages are not authenticated by a declaration, or further explained by Plaintiff; and they do not appear to identify specific financial institutions. *Id.* Ex. A. They also do not refer to California, or as far as the Court can tell, to Plaintiff. Plaintiff offers no other evidence.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss based on lack of personal jurisdiction. A district court has personal jurisdiction over a defendant if a statute authorizes jurisdiction and the assertion of jurisdiction does not offend due process. *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006).

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Under California law, a court can exercise personal jurisdiction over a defendant if doing so would be consistent with due process. Cal. Code Civ. Proc. § 410.10. Due process in turn requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal citation omitted).

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "Where … the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Under this standard, the plaintiff's "materials [must] demonstrate facts which support a finding of jurisdiction in order to avoid

a motion to dismiss." *Data Disc, Inc. v. Sys. Tech. Assocs, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citations omitted).

"Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation and internal quotation marks omitted). "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

The Complaint does not contain any factual allegations that would establish personal jurisdiction in this case. It alleges that Plaintiff is a California corporation with its principal business in California; this alone is insufficient to confer jurisdiction over Defendant. The Complaint's allegation that "a substantial part of the events giving rise to this claim occurred in this district," ECF No. 1 ¶ 5, is conclusory rather than a proper factual allegation.

Plaintiff has not supplemented its pleading with evidence. The assertions that Plaintiff makes in its opposition are unsupported, and therefore may not be relied upon. *See Gaspari Nutrition, Inc. v. Kaltwasser*, No. CV 16-5522-JFW (GJSx), 2017 U.S. Dist. LEXIS 174270, at *15 (C.D. Cal. Mar. 30, 2017) (granting defendant's motion to dismiss where "[p]laintiff has merely relied on conclusory assertions in its [o]pposition without any supporting evidence"); *Pizana v. SanMedica Int'l, LLC*, No. 118CV00644ADASKO, 2023 WL 8528640, at *18 (E.D. Cal. Dec. 8, 2023) (the court "may look to materials beyond the complaint, such as declarations, when assessing personal jurisdiction, it would be inappropriate to rely on uncited argumentation in the parties' briefing"); *Sky Billiards, Inc. v. Loong Star Inc.*, No. EDCV1400921JGBSPX, 2014 WL 12601022, at *4 (C.D. Cal. Sept. 4, 2014) ("the court cannot consider unsupported factual assertions" in plaintiff's opposition). The assertions here are also vague and conclusory. Finally, the bank records that Plaintiff submits are unauthenticated, unexplained, and on their face are not probative.

Plaintiff has failed to carry its burden of establishing personal jurisdiction, and its Complaint is subject to dismissal.

Plaintiff requests that the Court permit Plaintiff to conduct jurisdictional discovery. ECF No. 6 at 8. Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020. Here, however, Plaintiff has failed to offer evidence of facts that are presumably within its own possession, and Plaintiff offers no explanation as to how discovery will yield specific relevant facts. The Court declines to order such discovery.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 3]; and **DISMISSES** the Complaint and the action for lack of personal jurisdiction.

**IT IS SO ORDERED**.

Dated: June 11, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge