UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME CAPITAL, HR,<br><br>                        Plaintiff,<br><br>v.<br><br>IAN ROBERT MACKENZIE; and DOES 1 through 10,<br><br>                       Defendants. | Case No.: 25-cv-570-RSH-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF No. 12] |

Pending before the Court is Plaintiff's motion for reconsideration of the Court's June 11, 2025 order (the "Order") dismissing the case for lack of personal jurisdiction. ECF No. 12. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds this motion appropriate for resolution without oral argument. For the reasons stated below, the Court denies Plaintiff's motion.

I.    BACKGROUND

Plaintiff Prime Capital HR, a corporation organized under the laws of California, and with a place of business in Escondido, California, filed this lawsuit on March 10, 2025. ECF No. 1. The Complaint alleges that Plaintiff orally agreed to loan $125,000 to defendant

Ian Robert Mackenzie, a resident and citizen of the United Kingdom. *Id.* ¶10. Subsequently, Plaintiff sent Defendant three loan disbursements in the amounts of $40,000, $40,000, and $45,000, respectively. *Id.* ¶ 10, Ex. A. After receiving the disbursements, Defendant failed to repay the loan, and ceased communication with Plaintiff regarding payment of the loan. *Id.* ¶ 14.

On April 14, 2025, Defendant filed a motion to dismiss for lack of personal jurisdiction. ECF No. 3. On June 11, 2025, the Court issued the Order granting Defendant's motion. ECF No. 8. The Court determined that the Complaint contained "no allegations specifically relating to personal jurisdiction over Defendant," as well as no non-conclusory allegations "regarding events occurring within the State of California or within the Southern District of California." *Id.* at 2. The Court further determined that Plaintiff's opposition brief included various assertions relating to Defendant's contacts with California, but did not provide support for those assertions. *Id.* The Court also declined Plaintiff's request to conduct jurisdictional discovery because "Plaintiff has failed to offer evidence of facts that are presumably within its own possession, and Plaintiff offers no explanation as to how discovery will yield specific relevant facts." *Id.* at 5.

Plaintiff thereafter moved for reconsideration, and the motion is fully briefed. ECF Nos. 12, 13.

## II.   LEGAL STANDARD

Plaintiff's motion for reconsideration states that it is made pursuant to Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure, as well as Civil Local Rule 7.1(i)(1). ECF No. 12 at 2.

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in

the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Rule 60(b)(1) allows a court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Similar to relief under Rule 59(e), relief under Rule 60(b) is "extraordinary" and applies "only upon an adequate showing of exceptional circumstances." *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). In determining whether neglect is excusable, courts consider equitable factors, such as: (1) prejudice to the opposing party; (2) length of delay and its impact; (3) reason for the delay, including whether it was within the movant's control; and (4) good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Finally, Civil Local Rule 7.1(i)(1) provides that motions for reconsideration must be made within 28 days of the entry of the ruling at issue, except as otherwise provided by Rules 59 or 60. Plaintiff's motion is timely.

## III.   DISCUSSION

Plaintiff's motion is based on its inadvertent failure to submit evidence in opposing Defendant's motion to dismiss. ECF No. 12 at 9. Specifically, Plaintiff identifies five documents or sets of documents, which Plaintiff describes as Exhibits A through E and now seeks to have the Court consider. *Id.* at 4–6. Plaintiff states that some of that material was "available" at the time of Plaintiff's briefing but was "mistakenly excluded due to an oversight in preparing the Opposition to Defendant's Motion to Dismiss." *Id.* at 9. However, Plaintiff did not obtain other portions of the material until May 30, 2025, which was after the motion to dismiss had been fully briefed (but twelve days before the Court's ruling). ECF No. 12-2 (Robbe Dec.) ¶ 6.[1]

---

[1] Plaintiff's counsel states, "On or about May 30, 2025 I did receive bank statements from the Bank of America, job description for Defendant, and corporate documents which

Plaintiff's motion recites that it is attaching Exhibits A through E for the Court's consideration, but no exhibits are attached to the motion. ECF No. 12 at 9. The Court is unable to determine from the motion papers precisely which exhibits or portions of exhibits were received by Plaintiff on May 30, 2025, although this appears to include at least the bank statements described as Exhibit A. The Court is also unable to determine from the motion papers whether the documents described as Exhibits A through E would have had some bearing on the Court's decision to dismiss for lack of personal jurisdiction.

Plaintiff's motion fails to meet the standards of Rule 60(b)(1). For that portion of the evidence that was "available but mistakenly excluded due to an oversight," Plaintiff does not describe the nature of the oversight, or why Plaintiff failed to correct it in the weeks before the Court ruled. ECF No. 12 at 9. For that portion of the evidence that was obtained by Plaintiff on May 30, 2025, Plaintiff does not explain when he first undertook to obtain that evidence; why he was unable to obtain it earlier; or why, having obtained the evidence, he did not submit it to the Court. The Court is left with the impression that Plaintiff's approach was to "wait and see" the outcome of the motion to dismiss before putting forward additional relevant evidence. In the absence of additional detail in the attorney's declaration, the Court is unable to conclude that the equitable factors favor a finding of excusable neglect.

//
//
//
//
//
//
//

---

establishes jurisdiction in California is proper and justified. Said documents are now being submitted to the Court in support of Plaintiff's motion." *Id.*

     Plaintiff's motion also fails to meet the standards of Rule 59(e). For all of the evidence at issue, Plaintiff was in possession of that evidence twelve days or more before the Court's ruling, and could have presented that evidence to the Court or sought leave to do so.

     Plaintiff has not shown its entitlement to extraordinary relief. The Court declines in the exercise of its discretion to grant reconsideration or relief under Rules 59(e) or 60(b)(1).

## IV. CONCLUSION

     For the above reasons, the Court **DENIES** Plaintiff's motion for reconsideration. ECF No. 12.

     **IT IS SO ORDERED**.

Dated: October 7, 2025

_____
Hon. Robert S. Huie
United States District Judge